UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>    Plaintiff,<br><br>v.<br><br>ABDO N. MOHAMAD, *et al.*,<br><br>    Defendants. | Case No. 1:22-CV-554 JLT EPG<br><br>ORDER VACATING HEARING; REQURING SUPPLEMENTAL BRIEFING AS TO SERVICE<br><br>(ECF No. 11). |

Pending before the Court is Plaintiff Darren Gilbert's ("Plaintiff") motion for default judgment against Defendants Abdo N. Mohamad and Nasser M. Obdaid *dba* Olsen Service Station ("Defendants"). (ECF No. 11.) As discussed below, the Court will grant Plaintiff leave to submit further supplemental briefing in support of his motion.

**I.    SERVICE**

Before awarding a default judgment against a defendant, the Court must determine the adequacy of service of process, as well as the Court's jurisdiction over the subject matter and the parties. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."); *Kaldawi v. Kuwait*, 709 F. App'x 452, 453 (9th Cir. 2017) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its

1

jurisdiction over both the subject matter and the parties."); *cf. S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) ("We review de novo whether default judgment is void because of lack of personal jurisdiction due to insufficient service of process.").

Federal Rule 4(e)(2)(B) permits service by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[.]" California law, in turn, permits substituted service upon an individual by:

> "leaving a copy of the summons and complaint . . . at his or her usual mailing address . . . with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail."

Cal. Code Civ. P. § 415.20(a).

Plaintiff's motion does not address whether service on Defendants was adequate or whether the Court has jurisdiction over the parties. Plaintiff's motion states that Defendant Nasser M. Obaid was "personally served with the Summons and Complaint pursuant to Federal Rule of Civil Procedure 4(e)(2)(A)." (ECF No. 11-1, p. 10). According to the proof of service filed by Plaintiff, Defendant Obaid was served "by personally delivering copies" at 1941 Yellow Pine Drive, Modesto, CA 95351. (ECF No. 4).

Additionally, Plaintiff's motion states that Defendant Abdo N. Mohamad was served "by substituted service pursuant to Federal Rule of Civil Procedure 4(e)(2)(B)" and California Code of Civil Procedure 415.20(b). (ECF No. 11-1, p.10). The proof of service filed by Plaintiff as to Defendant Mohamad indicates that Defendant Mohamad was served by leaving a copy of the summons and complaint at 4137 Mayfield Dr., Modesto, CA 95356 with a Jane Doe described as "a competent member of the household" (ECF No. 5).

However, Plaintiff's briefing does not address whether 4137 Mayfield Dr., Modesto, CA 95356 is Defendant Mohamad's "dwelling or usual place of abode" under Rule 4(e)(2)(B) or their "usual mailing address" under California Code of Civil Procedure § 415.20(b).[1]

Accordingly, the Court will give Plaintiff leave to supplement his motion to address the

---

[1] In support of the motion, Plaintiff's counsel submits a declaration which states that 4137 Mayfield Drive Modesto, CA 95356 was identified as the residential address for Abdo M. Mohamad "through a search on the Lexis Advance public records database." (ECF No. 11-2, p. 3). Because Plaintiff's briefing does not address the issue, it is not clear to the Court if the Lexis Advance public records search establishes Defendant Mohamad's address for purposes of service.

adequacy of service and the Court's jurisdiction over the subject matter and the parties.

II.  ORDER

Based on the foregoing, IT IS ORDERED as follows:

1. The hearing set for November 18, 2022 (ECF Nos. 11, 12) is vacated;
2. Plaintiff shall have until November 18, 2022, to file a supplemental brief in support of Plaintiff's motion for default judgment, specifically addressing how service was properly achieved under Rule 4(e)(2)(b) or California law;
3. The Court will reset the hearing, if necessary, at a later date.

IT IS SO ORDERED.

Dated:   **October 24, 2022**          /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE